

**SIGNED this 16th day of April, 2010.**

_____

**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| The Village at Oakwell Farms, Ltd. | 09-52932-C |
| *Debtor* | Chapter 11 |

## Decision on Debtor's Objection to Claim of Bexar County and Motion for Tax Determination Pursuant to 11 U.S.C. § 505

Came on for hearing the foregoing matter. The court held a hearing on March 31, 2010, and took evidence. At the conclusion of the hearing, the court determined that the taxing authority's request for abstention should be denied. *See In re Luongo*, 259 F.3d 323 (5th Cir. 2001). The court took under submission two issues -- whether section 108 gave to the debtor an extension of time within which to contest taxes for the year 2009, and, if so, whether the adversary rules should be invoked.

### Factual Background

The debtor owns a parcel of property on which sits an apartment building good for little more than razing. In fact, it was the debtor's intention to raze the existing

structure so that the property could be redeveloped. The debtor's source of funding dried up however. The taxing authority had meanwhile valued the property at what the debtor now says was a grossly unfair or inflated value relative to its actual highest and best use. The court focused its attention on the 2009 tax year, finding that it was too late to challenge the adjudications for 2008 -- those findings were now final and would be barred by the language of section 505(a)(2).[1]

Tax year 2010 is still "open" -- the determination has yet to be made. However, the court has elected to abstain from that determination, even though the plain language of section 505(a) would permit a court to make such a determination. Once a debtor files for bankruptcy, it must manage and operate its property according the requirements of valid non-bankruptcy law just as would an owner of that property out of bankruptcy. *See* 28 U.S.C. § 959(b). At least in this case, it seems most appropriate that the debtor in chapter 11 proceed with the systems already in place for determining this year's tax liability, rather than substituting this court for that process. Permissive abstention will thus be exercised with respect to tax year 2010. *See* 28 U.S.C. § 1334(c)(1); *In re Pilgrim's Pride Corp.*, 2009 Bankr. LEXIS 2222 at *11 (Bankr. N.D.Tex. Aug. 17, 2009).

---

[1] Subparagraph (A) of that section bars determination of any tax that was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the bankruptcy case. *See* 11 U.S.C. § 505(a)(2)(A). Most courts have construed this provision to apply if the adjudication in question was *final* prior to the bankruptcy filing. *See Matter of Trans State Outdoor Advertising Co., Inc.*, 140 F.3d 618, 621-22 (5th Cir. 1998) (noting that the debtor in that case could have filed for bankruptcy before the decision of the Comptroller became final, in which event the debtor would have had the right to have the bankruptcy court determine its tax liability). The determination of the appraisal review board for the 2008 tax year became final well before this bankruptcy filing, as there was no further request for *de novo* review, as permitted under the Texas Property Tax Code. Subparagraph (C) would also bar redetermination of the 2008 *ad valorem* taxes, because "the applicable period for contesting or redetermining the amount under any law (other than bankruptcy law) has expired." The taxpayer under state law has 60 days after the taxpayer receives notice that a final order has been entered by the ARB. *See* Tex. Prop. Tax Code, § 42.21(a). The determination of *ad valorem* taxes for 2008 was conducted in mid-2008. No petition for review was filed by the debtor, per the testimony of the debtor. Thus, the time for contesting the ARB ruling had long since passed by the time this case was filed, meaning that the ARB ruling had long since become final by that time.

Tax year 2009 presents a difficult legal question, however. The debtor filed for relief before the 60 day time period expired for the debtor to file a petition for review under non-bankruptcy law. Thus, the adjudication by the Appraisal Review Board for that year never became final prior to filing, under state law. *See* TEX. PROP. TAX CODE, § 42.21(a).[2]  Bexar County argues that the debtor cannot challenge the ARB's ruling on 2009 *ad valorem* taxes by means of section 505(a)(1), because the applicable period for contesting the ARB's ruling "has expired," albeit post-petition. *See* 11 U.S.C. § 505(a)(2)

---

[2] A contested hearing on the proposed valuation for tax year 2009 was held before the Appraisal Review Board on July 8, 2009. Bexar County contends that no contest was asserted as to land valuation, but no evidence on that point was presented at this hearing. The best evidence of what matters were "in contest" at that hearing would be the tax valuation protest form submitted by the taxpayer, *see* TEX. PROP.TAX CODE, § 41.04. and perhaps the recording of the hearing itself. The Bexar Appraisal District valued improvements at $3 million, while the debtor claimed those improvements had a market value of no more than $500. The APR valued the improvements at $2,000. It is not clear whether any protest was raised as to the value of the land itself.

The APR issued its ruling July 14, 2009. At that point, the clock began to run on the debtor's right to seek a *de novo* hearing on the valuation. The deadline for making such a request (ignoring for the moment the bankruptcy filing) would have been September 15, 2009 (though it was arguably September 1, 2009 if the older version of section 42.21 was still applicable -- the deadline was changed from 45 days to 60 days by legislation enacted in 2009!). The debtor filed this bankruptcy petition August 3, 2009, which is inside either deadline.

The district court's review is not actually a review at all. It is a trial *de novo* and the trial court "may not admit in evidence the fact of prior action by the appraisal review board ... except to the extent necessary to establish its jurisdiction." TEX. PROP.TAX CODE, § 42.23(b). On this last point, Bexar County says that a given matter must have been "raised before the appraisal review board" in order to then be heard on *de novo* review by the district court, but the case law on which it relies is less clear on this point. In *Quorum International v. Tarrant Appraisal District,* 114 S.W.3d 568, 572-73 (Tex.App. -- Ft. Worth 2003, pet. den.), the court ruled that the trial court lacked jurisdiction of an issue because the issue had not been preserved administratively by applying for the exemption by a stated deadline. The court cited to *First Bank of Deer Park v. Harris County,* 804 S.W.2d 588, 592 (Tex.App. -- Houston [14th Dist] 1991, no writ), which had held that the district court lacked jurisdiction over the dispute presented because the taxpayer had failed to include the issue in its notice of protest. Neither case talks of the district court's reviewing any sort of "record" of the actual proceedings before the ARB. Thus, while Bexar County does accurately quote the *Quorum Int'l* court in its briefing, it fails to discuss the context. The court finds that Texas law does *not* require, as a jurisdictional prerequisite for *de novo* review in a district court, that the taxpayer must have argued the issue before the ARB. It is sufficient if the issue is raised in the notice of protest that leads up to the ARB hearing.

This holding is significant because it means that the so-called "appeal" to the district court under section 42.21 is only an appeal in name only. In all other respects it is an entirely new adjudication. The district court is not only not bound by any findings of the ARB below, it is not even entitled to consider those findings, much less give them any weight. In fact, it is error for the district court to do so. *See National Pipe & Tube Co. v. Liberty County Central Appraisal District,* 805 S.W.2d 593, 597 (Tex.App. -- Beaumont 1991, writ den.) (court's merely reviewing weight and sufficiency of evidence presented to an ARB without the benefit of a trial on the merits was reversible error).

(C). The debtor counters that the "has expired" language in that subsection means "has expired" as of the commencement of the case.

The resolution of the dispute requires the court to construe section 505(a)(2)(C) and section 108 (both subsections (a) and (b)) together. A review of the procedures in Texas for challenging an *ad valorem* tax valuation confirms that, as of the filing of this case, there had not yet been a *final* adjudication of the issue. What is more, as of the filing date, the debtor still had available to it the right to a full trial *de novo* of the issues of valuation of the realty (assuming a challenge to that valuation was contained in its notice of protest). Does section 108(a) or (b) extend that time? If so, for how long? And does the new language in section 505(a)(2)(C) trump section 108? To date, the court has found no cases that answer these questions.

At the outset, we need to determine which subsection of section 108 applies.

Section 108(a) says

> If applicable nonbankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee [debtor-in-possession] may commence such action only before the *later* of --
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>> (2) two years after the order for relief.

11 U.S.C. § 108(a). Thus, if this section applies, then the debtor in this case, as debtor-in-possession (and thus exercising the powers of a trustee) would have up to two years after the date of the filing to "commence an action."

Section 108(b) says

> Except as provided in subsection (a) ... if applicable nonbankruptcy law ... fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of

the petition, the [debtor-in-possession] may only file, cure, or perform, as the case may be, before the *later* of --
    (1) the end of such period ...
    (2) 60 days after the order for relief.

11 U.S.C. § 108(b). Thus, if this section applies, then the debtor had only until October 2, 2009 to take action.

In *In re CGE Shattuck, LLC*, 272 B.R. 514 (Bankr. D.N.H. 2001), the court ruled that section 108(a) applied to the initiation of a challenge to a tax determination under the law of New Hampshire, stating that all that had occurred prior to the filing was an administrative procedure that had to be exhausted before the taxpayer had any right to proceed in a judicial or quasi-judicial forum. The court there concluded that the lawsuit yet to be initiated under New Hampshire law fit the bill as an action to be commenced, and so qualified for the two year extension of time under section 108(a). Distinguishing what matters are governed by section 108(a) and what are governed by section 108(b), the court had this to say:

Section 108(a) determines the time within which a trustee may "commence an action." *See* 11 U.S.C. § 108(a). An "action" ordinarily means a lawsuit brought in a court. *See TLI, Inc. v. U.S.,* 100 F.3d 424, 427 (5th Cir. 1996) (citing Fed.R.Civ.P. 3; Black's Law Dictionary 28 (6th ed.1990)). An appeal from a decision of a lower federal court does not constitute the commencement of an action, but rather the continuation of an action, and section 108(b) rather than section 108(a) governs the time for a trustee to file such notice. *See Roberts v. Comm'r of Internal Revenue*, 175 F.3d 889, 898 (11th Cir 1999) (the filing of an appeal from a tax court decision is governed by section 108(b). However, when federal law requires a taxpayer to file an administrative request prior to filing a lawsuit in a federal court, the administrative request is not the commencement of an action for the purposes of section 108(a) because the filing of the request is not the commencement of a lawsuit in a court. *TLI, Inc.*, 100 F.3d at 427 (citing *In re Howard Industries, Inc.,* 170 B.R. 358, 361-62 (Bankr. S.D.Ohio 1994); *In re Carter,* 125 B.R. 832, 826 (Bankr. D.Kan. 1991); *Lynch v. Rogan,* 50 F.Supp. 356, 357-58 (S.D.Cal. 1943) (decided under 11 U.S.C. § 29, the Bankruptcy Act predecessor of

section 108(a)). Thus, the time to file such an administrative request is governed by section 108(b). *See id.*

*Id.*, at 518-19. This court concurs with the reasoning in *CGE Shattuck*, and concludes that section 108(a) will apply if the action commenced under section 42.21 of the Texas Property Tax Code is a "new action," but that section 108(b) applies if that action is merely an appeal from a lower tribunal's ruling.

The determination does not turn on the label assigned to the remedy by state law, either. In *CGE Shattuck*, the action sought to be initiated was called an "appeal" but was "not an appeal in the usual legal sense of the word." *Id.*, at 519. The "petition for review" here is also not an appeal either, even though the statute says "a party who appeals as provided by this chapter ...." *See* Tex. Prop. Tax Code, § 42.21(a). As it was in the New Hampshire case, the nature of the review is *de novo. Id.*, at § 42.23(a). Indeed, it is clear error for a Texas state district court considering a petition for review of an ARB's determination to rely on or give any weight to the factual findings of the appraisal review board, and the court must instead permit the presentation of evidence on all matters "on appeal" and render its ruling thereon. *See National Pipe & Tube Co. v. Liberty County Central Appraisal District*, 805 S.W.2d 593, 597 (Tex.App. -- Beaumont 1991, writ denied). It may, based on that evidence, make its own independent determination of value, unhampered by any findings made by the ARB. Tex. Prop. Tax Code, § 42.24(1). If the district court finds the appraised value of the property to be excessive, then the court's finding of value is then binding on the appraisal district and must be entered on the appraisal roll. *Id.*, § 42.25. An appeal may then be made of the final judgment of the district court "as provided by the law for appeal of civil suits generally." *See* Tex. Prop. Tax Code, § 42.28.

This structure fits the analysis employed by the court in *CGE Shattuck*. Here, as there, the taxpayer is permitted to present evidence in support of its pleadings, and is not bound by any factual findings or legal conclusions rendered by the ARB. Texas courts themselves describe the notice of protest to (and determination by) the ARB as the exhaustion of the administrative remedy that stands as a prerequisite to permit a district court to conduct a *do novo* review. *See Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Associates,* 267 S.W.3d 413, 418-19 (Tex.App. -- Houston [14th Dist] no writ). The action is limited only by the scope of the issues laid out in the notice of protest. *See First Bank of Deer Park v. Harris County,* 804 S.W.2d 588, 592 (Tex.App. -- Houston [14th Dist] 1991, no writ). The taxpayer's suit in district court may seek either a remedy for "excessive appraisal" or a remedy for "unequal appraisal." *See* TEX. PROP. TAX CODE, § 42.23(e). If the petition for review is one for "excessive appraisal," the issue presented to the district court is whether "the appraised value of the property according to the appraisal roll exceeds the appraised value required by law." *Id.*, § 42.25. The district court, in other words, is in no way statutorily bound by the evidence, the arguments, the findings, or the conclusions of the ARB. Its task is to look at the "appraised value of the property according to the appraisal roll," a figure that is reflected in the ARB's ruling following a notice of protest. And in deciding that issue, the court is required to look at evidence afresh.

The Fifth Circuit in *TLI, Inc. v. U.S.* ruled that administrative proceedings required as a prerequisite to the commencement of a suit do not count as the "commencement of an action" within the meaning of section 108(a). *TLI, Inc. v. U.S.*, 100 F.3d 424, 427 (5th Cir. 1996). The court said there that commencement of an "action" referred to "the

actual tax litigation, a legal contest by judicial process." *Id.* That ruling has particular force here, because here too the ARB process is an administrative process, one that serves as a prerequisite to the initiation of a free-standing judicial process in which the entire question of valuation is examined *de novo,* unrestricted by anything done at the administrative level save that the issue of valuation must have been raised in the notice of protest.

If the time line were different, and the had the debtor already pursued a trial *de novo* before the state district court and lost, and *then* filed this bankruptcy case, then its right to pursue a further appeal (in terms of time extension) would *then* be governed by section 108(b), because at that point, the appeal would not constitute the commencement of the action but rather the mere continuation of the action. Appellate review is circumscribed by the events that occurred at the trial court, with the appellate court's evaluating factual findings for factual and legal insufficiency. *See, e.g., Gregg County Appraisal Dist. v. Laidlaw Waste Systems, Inc.,* 907 S.W.2d 12, 19 (Tex.App. -- Tyler 1995 ). The *de novo* petition for review process set out in section 42.23 of the Texas Property Tax Code is not an "appeal" however. It is a full-blown independent lawsuit that happens to require, as a prerequisite for its institution, the pursuit of a notice of protest before an administrative tribunal.[3] As the Fifth Circuit has noted, that sort of process puts the tax litigation action under the section 108(a), not section 108(b). *TLI, Inc.*, *supra*.

---

[3] Bexar County spends some time extolling the skill and ability of persons who serve on appraisal review boards. Perhaps that is so. But so what? The question whether an action under section 505(a) is or is not permitted is not framed in terms of the skill set of the deciding tribunal. It is instead framed in terms of notions of finality, a question that the Fifth Circuit has already addressed, and whose precedent on the point is binding on this court.

Section 108(a) thus aids us in concluding that the determination made by the ARB for tax year 2009 is not "final," and thus the court is not barred from hearing a suit to determine the amount of tax due by virtue of section 505(a)(2)(A). *See CGE Shattuck, supra.* Our work is not finished however. In 2005, Congress added another ground for finding that the court might be barred from hearing a section 505(a)(1) tax determination suit, this one specifically applying to *ad valorem* taxing authorities. This new section says that the court may not make a section 505(a)(1) tax determination with regard to "the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) *has expired*." 11 U.S.C. § 505(a)(2)(C).

When one reads this new provision, one is immediately tempted to add "as of the commencement of the case" to the end of the statutory sentence. That would certainly have clarified the statute, because it would clearly have telegraphed that it would apply to cases involving challenges to Texas *ad valorem* tax determinations only when the time period specified in section 42.21(a) had run prior to the bankruptcy filing. However, this additional phrasing is not there in the statute. Yet the words "has expired" connote "as of" *some* point in time. Should a court find that the phrase refers to the date of the filing of the case by implication? Or should "has expired" be construed to refer to the date when a section 505 action is initiated? Or perhaps to the date when a trial is held? Or when an order is to be entered? None of these alternatives are barred by the language of the statute itself, and each construction has something to commend it.

When a statute's phrasing by its plain terms is ambiguous, then a court is constrained to consult other tools of statutory construction. A court has an obligation in the first instance to hew to the expressed intentions of Congress as expressed in the words that Congress itself chose to use. Thus, before consulting secondary or tertiary sources outside the statute itself, a court should first examine the larger context of the statute itself, to see if the phrasing, read in context, might then yield up what Congress had in mind. *See* [citation]

The new language should be read in such a way as not to render existing language surplusage. *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837 & n. 11 (1988); (*United States v. Menasche,* 348 U.S. 528, 538-39 (1955). Section 505(a)(2)(A) already bars redeterminations when the amount or legality of the tax has already been contested with finality before commencement of the case. *See* 11 U.S.C. § 505(a)(2)(A); *In re Luongo, supra.* Thus, it seems unlikely that the "has expired" language in subsection (C) should be confined to the time frame pre-petition, as that circumstance is already addressed in subsection (A). If the phrase has a post-petition application, it will then conflict with section 108(a). The legislative history for section 505(a)(2)(C) is sparse. The House Report simply repeats the language of the statutory change. *See* H.R. REP. NO. 31, 109th Cong, 1st Sess 701 (2005). So we have no clear indication what Congress might have had in mind when it added this provision.

Another principle of statutory construction is helpful. In general, more specific provisions will control over more general provisions. *Nat'l Cable & Telecommunications Ass'n, Inc. v. Gulf Power Co.*, 534 US 327, 335-36 (2002). Here, a more specific provision in section 505(a)(2)(C) can fairly be read to create an exception for a small

subset of cases to which the more generic rule set out in section 108(a) would otherwise apply. Were there no new section 505(a)(2)(C), the interplay of sections 108 (a) and 505(a)(2)(A) would mean that bankruptcy courts can redetermine ARB determinations so long as the time for filing an action for *de novo* review has not yet run, *see* discussion *supra*. The addition of new section 505(a)(2)(C) assures that, notwithstanding section 108(a), the debtor must contest the ARB determination before the time period for seeking *de novo* review has expired. In other words, new section 505 (a)(2)(C) appears to reverse the holding in *CGE Shattuck*.

There are still open issues remaining on the precise application of this new subsection, but the open issues do not arise here. No one disputes that the debtor here did not seek a redetermination under section 505(a) prior to the expiration date for filing an action in state district court -- October 2, 2009. Because the debtor has failed to meet that deadline, the court has lost the right to redetermine the debtor's property tax liability for tax year 2009. For that reason, the objection to that claim must be dismissed.

An order consistent with this opinion, dismissing the debtor's objections to tax years 2008 and 2009, and abstaining from consideration of tax year 2010, will be submitted by the taxing authority.

*# # #*